UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | DOCKET NO. 14-30015-1 |
| NAGEE JONES ) | |
| Defendant. ) | |

**Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 and *Rehaif v. United States*, 139 S. Ct. 2191 (2019)**

Pursuant to 28 U.S.C. § 2255, Nagee Jones moves to vacate his conviction for being a person with a proscribed status under 18 U.S.C. § 922(g) in possession of a firearm and ammunition. In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held the government must prove that a defendant knew, at the time of the alleged possession, that he belonged to the relevant category of persons barred from possessing firearms. *Rehaif*, 139 S. Ct. at 2200. Pursuant to *Rehaif*, Mr. Jones's conviction for being a person in possession of a firearm and ammunition must be vacated.

In support of this motion, Mr. Jones states the following:

1. Mr. Jones was convicted of violating 18 U.S.C. § 922(g) on November 12, 2014. On September 17, 2015, Mr. Jones was sentenced to 100 months incarceration and a term of supervised release of three years. He remains in the custody of the Bureau of Prisons as he remains incarcerated with a release date of July 10, 2021.

2. This is Mr. Jones's first motion pursuant to 28 U.S.C. § 2255.

3. Reversing every circuit court to decide the issue of knowledge of status, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) that: "To convict a defendant

[under 18 U.S.C. § 922(g)], the Government [] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." The rule announced in *Rehaif*, which narrows the scope of the offense, is a new substantive rule retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004).

4. The indictment in this case failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense. Due to the defective indictment, this Court did not have jurisdiction to enter a judgment in the § 922(g) prosecution.

5. The indictment violated Mr. Jones's Fifth Amendment right to be charged by a grand jury.

6. The indictment violated Mr. Jones's Sixth Amendment right to notice.

7.a Mr. Jones was not informed that knowledge of status was an essential element of the § 922(g) offense. Accordingly, his plea was not made knowingly and voluntarily, in violation of his Fifth Amendment right to due process.

8. The *Rehaif* errors in Mr. Jones's proceedings were prejudicial.

9. Mr. Jones's motion challenging his § 922(g) conviction is timely under 28 U.S.C. § 2255(f)(3). It is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. That right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

                Respectfully submitted,

                */s/ Inga L. Parsons*
                Inga L. Parsons (BBO 657211)
                Attorney at Law
                3 Bessom, No. 234
                Marblehead, MA  01945
                781-581-2262 (o)

888-406-9538 (f)
Inga@IngaParsonsLaw.com

## CERTIFICATION OF SERVICE

I, Inga L. Parsons, hereby certify that on this 18th day in June 2020, a copy of the within motion was e-filed to all parties of record.

Date:   June 18, 2020                               /s/ *Inga L. Parsons*
                                                    Inga L. Parsons